SJL LAW LLP
Julian G. Senior (SBN: 219098)
Siyun Yao (SBN:305759)
841 Apollo Street, Suite 300
El Segundo, CA 90245
Tel. No.: 424.290.0720
Fax No.: 424.290.0721
mail@sjllegal.com (service at any other email address is invalid)

Attorneys for Defendant Hyundai Motor America

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYNA OWEN,<br><br>　　　　　　PLAINTIFF,<br><br>　vs.<br><br>HYUNDAI MOTOR AMERICA; and DOES 1 through 10, inclusive,<br><br>　　　　　　DEFENDANTS. | CASE NO. 2:22-cv-00882 KJM-CKD<br><br>Assigned to:   Hon. Kimberly J. Mueller<br>Courtroom:    3<br><br>**DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF MOTION AND MOTION FOR ASSESSMENT OF COSTS AGAINST PLAINTIFF AND FOR STAY OF PROCEEDINGS PENDING PAYMENT OF SUCH COSTS; DECLARATION OF SIYUN YAO**<br><br>[FED. R. CIV. P. 41(d)] |

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on February 17, 2023 at 10:00 a.m., in Courtroom 24 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, CA 95814, Defendant HYUNDAI MOTOR AMERICA ("Defendant" or "HMA") will and hereby does move the

Court pursuant to Fed. R. Civ. P. 41(d) for an order assessing costs against Plaintiff Dayna Owen ("Plaintiff") and for a stay of proceedings pending payment of such costs.

In accordance with the Federal Rules of Civil Procedure, counsel for HMA attempted to met and conferred with Plaintiff's counsel, Ariel Harman-Holmes on November 17, 2022, by both phone. The parties could not reach an agreement – thereby necessitating the filing of this motion.

The Motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Siyun Yao, the exhibits attached hereto, the record herein, any oral arguments that may be presented at hearing, and upon such further matter as may hereafter by properly presented to the Court.

DATED:  December 30, 2022                SJL LAW LLP

                                         By:  /s/Siyun Yao
                                              Julian G. Senior
                                              Siyun Yao
                                              Attorneys for Defendant
                                              HYUNDAI MOTOR AMERICA

2    2:22-cv-00882

HYUNDAI MOTOR AMERICA'S NOTICE OF MOTION AND MOTION FOR ASSESSMENT OF COSTS AGAINST PLAINTIFF AND FOR STAY OF PROCEEDINGS PENDING PAYMENT OF SUCH COSTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction and Factual Summary

Plaintiff has blatantly engaged in forum shopping by refiling the same action in this Federal Court. This is not uncommon as it has become the practice and procedure of Plaintiff's counsel to dismiss state court filings and refile them in federal court alleging nearly the exact same causes of action when faced with a potential adverse ruling. The same Plaintiff's lawyers now have two other cases lodged in California Federal Courts, which were previously dismissed voluntarily by them in state court. In *Ryan Donaghy Vincent v. Hyundai Motor America*, Plaintiff's lawyers immediately dismissed that action the day after the state court issued a tentative ruling granting Defendant's motion to compel arbitration before it was scheduled to be heard the next day.[1] Similarly in *Paul Merritt v. Kia America, Inc.*, Plaintiff's lawyers again withdrew their state court complaint and dismissed their state court action just days before the court was scheduled to hear Defendant's motion to compel arbitration and stay proceedings.[2]

Here Plaintiff Dayna Owen ("Plaintiff") first filed suit against Defendant Hyundai Motor America ("HMA") in Sacramento County Superior Court on March 11, 2021, in Case No.: 34-2021-00296264. (Attached hereto as Exhibit A; Declaration of Siyun Yao ("Yao Decl.")., ¶ 2). In her state court Complaint, Plaintiff allege four (4) state law causes of action against HMA pertaining to her purchase of a 2017 Hyundai Elantra vehicle. (Id).

On September 24, 2021, HMA filed a Motion to Compel Arbitration and Stay Proceedings (the "MTC Arbitration") scheduled to be heard October 20,

---

[1] Hyundai Motor America's Motion to Compel Arbitration and Stay Proceedings was set to be heard on October 20, 2022. Counsel for Plaintiffs voluntarily dismissed their case without prejudice just six days before before it could be heard, then refiled their case in the Eastern District of CA federal court.

[2] On March 7, 2022, Kia America, Inc. filed a Motion to Compel Arbitration and Stay Proceedings. Plaintiff missed his deadline to file an opposition motion, which was due on May 19, 2022. The next day counsel for Plaintiff voluntarily dismissed Plaintiff's case, just days before Defendant's Motion to Compel Arbitration was scheduled to be heard on June 2, 2022. Plaintiff then proceeded to refile his case in the Central District of California federal court.

3                                              2:22-cv-00882

HYUNDAI MOTOR AMERICA'S NOTICE OF MOTION AND MOTION FOR ASSESSMENT OF COSTS AGAINST PLAINTIFF AND FOR STAY OF PROCEEDINGS PENDING PAYMENT OF SUCH COSTS

2021. (Yao Decl., ¶ 3). That Motion was brought on the ground, *inter alia*, the retail installment sale contract into which Plaintiff had entered to purchase her 2017 Hyundai Elantra contained an arbitration provision that bound Plaintiff to arbitrate the claims she had asserted against HMA.

On October 14, 2021, just six days before HMA's MTC Arbitration was scheduled to be heard, Plaintiff abruptly filed and served a Request for Dismissal of her state court action without prejudice against HMA. (Yao Decl., ¶ 4, Ex. B). Plaintiff thereafter then proceeded anew to file suit against HMA, this time in federal court. Plaintiff's instant Complaint alleges the same state law claims against HMA as Plaintiff had asserted in the state court action. While Plaintiff dropped her state court claim for breach of express written warranty, the only discernible difference between the two complaints now is that the federal court Complaint includes a Magnuson-Moss Warranty Act claim to confer federal question jurisdiction.

In other words, Plaintiff's instant federal suit against HAM constitutes a blatant attempt at forum shopping in light of an outcome in state court that Plaintiff likely perceived to be unfavorable.

On this record, HMA brings the instant Motion for Assessment of Costs Against Plaintiff and for a stay of the action pending Plaintiff's payment of such costs. HMA respectfully submits Plaintiff's conduct is precisely the sort of conduct Rule 41(d) was intended to prevent.

## II. Argument

### A. Federal Rule of Civil Procedure Rule 41(d) Permits this Court to Order Plaintiff to Pay HMA's Costs Incurred in the Prior State Court Action

Fed. R. Civ. P. 41(d) provides as follows:

(d) Costs of a Previously Dismissed Action. If a plaintiff who previously dismissed an action in any court files an action based on or including the

.

same claim against the same defendant, the court:

> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

The purpose of Rule 41(d) is "to serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank National Association*, 971 F.2d 103, 108 (8th Cir.1992). For this reason, HMA respectfully requests the Court both (1) order Plaintiff to pay all of the costs of the state court action, and (2) stay this proceeding until Plaintiff has complied with such order.

It is readily apparent the instant action is "based on" or "includ[es]" "the same claim against the same defendant." As noted above, the two complaints are nearly identical and contain the same state law causes of action (save for the Magnuson-Moss claim Plaintiff added to the instant Complaint to confer federal question jurisdiction). The complaints are both directed against HMA, and both relate to Plaintiff's contention her 2017 Hyundai Elantra vehicle did not conform to warranty.

To date, Defendant HMA in the state court action has paid a total of $1,582.83 in court costs. (Yao Decl., ¶ 5). This includes a $435 Frist Appearance fee and other motion related filing fees. (Id). It is hereby requested that this Court order Plaintiff in the current federal court action to reimburse HMA for these court costs incurred in the now previously dismissed state court action.

**A. Costs Under Rule 41(d) May Include Attorney's Fees**

A Defendant in HMA's position may be "entitled to both expenses and attorneys' fees that are reasonably incurred and that will not contribute toward defendants' defense in the present case." *Esquivel v. Arau*, 913 F. Supp. 1382, 1392 (1996). This is because "if Rule 41(d)'s purpose is to prevent undue prejudice to a defendant from unnecessary or vexatious litigation, there does not

seem to be a clear reason why Rule 41(d) would provide only for an award of costs *exclusive* of attorneys' fees, since the typical defendant cannot adequately defend a case without incurring such fees." *Id.* at 1391. In *Esquivel*, the plaintiff filed a both a state court claim in New York and a parallel federal court claim in the Southern District of New York. Months later, while plaintiff's state court action was stayed, plaintiff filed the same federal court action in the Central District of California after voluntarily dismissing its federal court claim in New York. In response, defendants successfully petitioned the court and recovered under Rule 41(d) not only their costs, but also their attorney's fees. In *Esquivel*, Judge Rea determined that the defendant was entitled to attorney's fees as a measure of costs because the purpose of Rule 41(d) is to discourage indiscriminate litigation and unnecessary expenditures to the defendant. Surely, Plaintiff's blatant forum shopping here justifies such a result.

In the instant case, Plaintiff's new federal action in the Eastern District incorporates nearly all of the underlying claims previously brought in the state court action in Sacramento – the only changes being Plaintiff's abandonment of her state court claim for breach of express written warranty and more importantly the addition of a singular federal claim. As a result of Plaintiff's venue shopping, Plaintiff forced HMA to incur unnecessary expenses at the state court level. Here, nearly all of the attorney's fees HMA incurred in defending itself against Plaintiff's state court action are inapplicable to its defense in the instant federal action. This is because nearly all of the work HMA's attorneys did in the state court action is related to HMA's factual investigation, discovery planning and responses, preparation of pleadings, preparation for depositions, and its Motion to Compel Arbitration. HMA is entitled to recover attorney's fees that will not contribute towards its' defense in the present federal action.

In the state court action now voluntarily dismissed by Plaintiff, HMA was

billed a total of $12,565.50 in attorney's fees by counsel for said work. (Yao Decl., ¶ 6). From inception of the state court action until the date upon which counsel for Plaintiff entered its voluntarily dismissal, counsel for HMA had three (3) attorneys and one (1) paralegal from SJP LAW LLP provide legal services at slightly variable rates; one partner bill at the rate of $320 per hour; one associates bill at a rate of $230 per hour; and one junior associate bill at the rate of $175 per hour. (*Id*). A total of 66.1 hours of work was performed by counsel for HMA in defense of the state court action, inclusive of which one paralegal performed a total of 0.6 hours of work at the average rate of $100 per hour. (*Id*). The work performed included, but was not limited to: (1) receiving, reviewing and drafting an answer to a state court complaint; (2) reviewing and preparing to answer a complete set of written discovery; (3) preparing for various depositions and subpoenas; (4) client communications; and (5) preparing and filing a Motion to Compel Arbitration and Stay Proceedings.

It is HMA's belief that this work was performed at reasonable billing rates that are consistent with comparable legal services in southern California. Not only was the quantity of work performed reasonable, but these attorney's fees should be compensable since much of the work performed will not be useful nor applicable in the federal forum HMA finds itself in now that Plaintiff has finally found the venue which she believes will likely decide her case most favorably.

**III.   Conclusion**

Based on the foregoing facts, HMA is entitled to both the cost of expenses and attorney's fees reasonably incurred in Plaintiff's state court action. Therefore, HMA respectfully requests that the Court grant the issuance of such costs and fees to the Defendant and stay the current proceedings until the payment of said expenses are made by Plaintiff.

/ / /

| | | |
|---|---|---|
| DATED:  December 30, 2022 | | SJL LAW LLP |
| | By: | /s/Siyun Yao |
| | | Julian G. Senior |
| | | Siyun Yao |
| | | Attorneys for Defendant |
| | | HYUNDAI MOTOR AMERICA |

HYUNDAI MOTOR AMERICA'S NOTICE OF MOTION AND MOTION FOR ASSESSMENT OF COSTS AGAINST PLAINTIFF AND FOR STAY OF PROCEEDINGS PENDING PAYMENT OF SUCH COSTS

# SERVICE/MAILING LIST

### DAYNA OWEN v. HYUNDAI MOTOR AMERICA
US DISTRICT COURT – EASTERN DISTRICT OF CALIFORNIA
Case No.: 2:22-cv-00882 (CKD)

| | |
|---|---|
| Tionna Dolin | Attorneys for Plaintiff |
| STRATEGIC LEGAL PRACTICES, | |
| A PROFESSIONAL CORPORATION | DAYNA OWEN |
| 1840 Century Park East, Suite 430 | |
| Los Angeles, CA 90067 | |
| Tel. No.: 310.929.4900 | |
| Fax No.: 310.943.3838 | |
| Email: tdolin@slpattorney.com | |
| emailservices@slpattorney.com | |

HYUNDAI MOTOR AMERICA'S NOTICE OF MOTION AND MOTION FOR ASSESSMENT OF COSTS AGAINST PLAINTIFF AND FOR STAY OF PROCEEDINGS PENDING PAYMENT OF SUCH COSTS

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# <u>DECLARATION OF SERVICE</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 841 Apollo St., Suite 300, El Segundo, CA 90245.

On December 30, 2022, I served the foregoing document described as **DEFENDANT HYUNDAI MOTOR AMERICA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION FOR ASSESSMENT OF COSTS AGAINST PLAINTIFF AND FOR STAY OF PROCEEDINGS [F.R.C.P. 41(d)]; DECLARATION OF JULIAN G. SENIOR; EXHIBITS A-I** on all interested parties in this action as follows:

| | |
|---|---|
| Tionna Dolin<br>Strategic Legal Practices, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067 | **Attorneys for Plaintiff**<br>Tel:  (310) 929-4900<br>Fax:  (310) 943-3838<br>Email: tdolin@slpattorney.com<br>         emailservices@slpattorney.com |

[ ]   (**MAIL**) I served a true copy of the document described above by mail as provided by FRCP 5(b)(2)(C), by placing the document in a sealed envelope with postage thereon fully prepaid in a United Stated Post Office box in California addressed to the parties as set forth above.

[ ]   (**EMAIL**) I emailed/electronically served the document described above to the email addresses of the parties as set forth above.

[XX] (**CM/ECF**) Pursuant to FRCP 5(b)(2)(E), I sent the document described above to the parties as set forth above by filing the document with CM/ECF.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 30, 2022 at Santa Ana, California.

| | |
|---|---|
| _Siyun Yao_<br>Print Name | _/s/Siyun Yao_<br>Signature |