UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dayna Owen, | No. 2:22-cv-00882-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Hyundai Motor America, et al., | |
| Defendants. | |

Defendant Hyundai Motor America argues plaintiff Dayna Owen[1] has attempted to avoid an arbitration agreement by voluntarily dismissing an action she originally filed in state court and refiling that action in this court. Hyundai moves for an award of fees and costs under Federal Rule of Civil Procedure 41(d). As explained in this order, Hyundai has shown Owen was forum shopping. Hyundai's motion is **granted**, with the amount of a proper award to be determined.

---

[1] The parties have used conflicting third-person gendered pronouns when referring to Owen. *Compare, e.g.*, Mot at 3 ("In **her** state court Complaint, Plaintiff allege[s] four (4) state law causes of action . . . ." (emphasis added)) *with, e.g.*, Opp'n at 3 ("Plaintiff Possessed an Absolute, Unfettered Right to Dismiss **His** State Action . . . ." (other emphasis omitted)). At hearing, however, plaintiff's counsel was unsure and assumed from plaintiff's given name, "Dayna," that plaintiff uses female third-person pronouns. The court has used female third-person pronouns in this order and urges counsel to promptly inform the court if this is incorrect.

1

## I. BACKGROUND

According to her complaint, Owen bought a Hyundai Elantra in 2016. Compl. ¶ 8, ECF No. 1. She claims defects soon manifested themselves in the car's electrical system, engine and transmission. *Id.* ¶ 13. After Hyundai attempted unsuccessfully to repair the car and refused a refund or other form of restitution, Owen filed a lawsuit in California state court, asserting claims under California law, including the Song-Beverly Act. *See generally* Compl., *Owen v. Hyundai Motor Am.*, No. 34-2021-00296264 (Cal. Super. Ct. Sacramento Cty. filed Mar. 11, 2021).[2] Hyundai moved to compel arbitration. Yao Decl. ¶ 3, ECF No. 16-1. But a few days before the scheduled hearing date, Owen voluntarily dismissed the entire action without prejudice. *Id.* ¶ 4 & Ex. B. Several months later, Owen filed her complaint in this court. Her allegations mirror those in her state court complaint. *See* Compl. ¶¶ 36–69. Despite a few differences—she now asserts a federal claim, as well, for example—she does not dispute the two actions are practically identical.

Hyundai believes Owen dismissed the state-court action because she thought her chances of avoiding arbitration were better in federal court. It accuses her of forum shopping. *See* Mot. at 3, ECF No. 16. Hyundai asks the court to award it the fees and costs it incurred in Owen's state-court action under Federal Rule of Civil Procedure 41(d). *See id.* at 4–7. Its motion is now fully briefed and the court submitted it after hearing oral arguments on February 17, 2023. *See generally* Opp'n, ECF No. 18; Reply, ECF No. 22. Payam Shahian appeared for Owen, and Siyun Yao appeared for Hyundai.

## II. LEGAL STANDARD

"If a plaintiff who previously dismissed an action in any court files another action based on or including the same claim against the same defendant," then a federal district court has discretion to "order the plaintiff to pay all or part of the costs of that previous action" and "stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d). This rule protects against "the harassment of repeated lawsuits by the same plaintiff on the same claims." *Jurin v. Google*

---

[2] The court grants Hyundai's unopposed request for judicial notice of this filing. *See Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 633 n.1 (9th Cir. 2021). Copies are available on the docket of this action at ECF No. 17.

*Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010).  It is intended to deter "forum shopping and vexatious litigation." *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996) (quoting *Simeone v. First Bank Nat'l Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992)), *overruled in part on other grounds by Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 545–46 (9th Cir. 2022).  District courts do not require a defendant to show the plaintiff acted vexatiously or in bad faith. *See, e.g.*, *id.* at 1388.  They instead impose the burden on plaintiffs to persuasively explain their actions. *See, e.g.*, *Milkcrate Athletics, Inc. v. Adidas Am., Inc.*, ___ F. Supp. 3d ___, No. 21-09328, 2022 WL 3584501, at *11 (C.D. Cal. Aug. 4, 2022); *Whole E Nature, LLC v. Wonderful Co., LLC*, No. 17-10, 2017 WL 4227150, at *4–5 (S.D. Cal. Sept. 22, 2017).

## III.  DISCUSSION

Owen does not defend or justify her litigation decisions.  Instead she explains which federal and state laws permitted her to dismiss and refile her action in this court: the California Code of Civil Procedure permitted her to voluntarily dismiss the first action, no federal rule or statute barred the second action and this court has jurisdiction.  *See* Opp'n at 4–8.  To explain how is not to explain why, and it is the why that matters for Rule 41(d). *See, e.g.*, *Whole E*, 2017 WL 4227150, at *5 (imposing costs based on plaintiff's decision to dismiss and refile "rather than risk the possibility of transfer").

Nor does Owen deny she refiled her case in federal court because she wanted to avoid arbitration.  She instead defends that decision, arguing "plaintiffs can in good faith structure their claims to avoid arbitration."  Opp'n at 9.  It is true plaintiffs can "structure" their complaints to avoid arbitration.  For example, if a plaintiff and defendant have two agreements, one with an arbitration provision and one without, the plaintiff can avoid arbitration by asserting its rights under only the agreement that lacks an arbitration provision.  *See, e.g.*, *Cardiff Equities, Inc. v. Superior Court*, 166 Cal. App. 4th 1541, 1550–51 (2008).  Or a plaintiff can decide in good faith to dismiss valid claims against one of several defendants to avoid arbitration of the entire case. *See, e.g.*, *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 944–45 (C.D. Cal. 2021).  These rules stem from a common principle: plaintiffs may choose what claims to assert against whom based on the advantages and disadvantages of those options, so it is not necessarily suspect

3

1    for a plaintiff to give up a claim that must be litigated in a disfavored forum.  *See, e.g.*, *Tanoh v.*
2    *Dow Chem. Co.*, 561 F.3d 945, 956 (9th Cir. 2009).  Owen, by contrast, has not given up any
3    claims or defendants.  She has not restructured her complaint.  This action involves the same
4    allegations and the same parties as her original state court action.  She does not argue otherwise.
5    To the contrary, she admits implicitly that her claims are the same by contending she may pursue
6    the same claims.  Opp'n at 5.

7        Nor does Owen attempt to dispel Hyundai's suspicion that she prefers litigation in federal
8    district court because a federal district court would not compel her to arbitrate.  She all but
9    concedes the point by arguing this court is bound not to compel arbitration under *Ngo v. BMW of*
10   *North America, LLC*, 23 F.4th 942 (9th Cir. 2022).  *See* Opp'n at 10.  She cites no changes in the
11   law or facts.  Rule 41(d) was intended to prevent forum shopping of this type: "re-filing a
12   complaint in a different court to gain a tactical advantage or otherwise benefit from more
13   favorable law."  *Lennard v. Yeung*, No. 10-09322, 2011 WL 13217925, at *7 (C.D. Cal. Aug. 16,
14   2011).

15       Contrary to Owen's argument in opposition, it is not necessary for Hyundai to show there
16   were two similar cases pending at once.  *See* Opp'n at 10–11.  Rule 41(d) refers to actions the
17   plaintiff "previously dismissed," not to simultaneous actions.  The decisions cited in Owen's
18   opposition do not show otherwise.  In *Madrid v. Pease*, for example, the court did not limit
19   Rule 41(d) to simultaneous duplicative litigation.  *See* No. 15-00770, 2017 WL 5158599, at *6
20   (E.D. Cal. Nov. 7, 2017), *report and recommendation adopted*, 2018 WL 525728 (E.D. Cal.
21   Jan. 24, 2018).  The court declined to impose costs under Rule 41(d) because it found no
22   "dilatory, vexatious, or harassing conduct."  *Id.*  In other words, the plaintiff explained his
23   litigation decisions satisfactorily.

24       Owen cannot avoid this conclusion just because the state court did not actually compel
25   arbitration or issue a decision on Hyundai's motion.  *See* Opp'n at 8.  Rule 41(d) does not make
26   exceptions for plaintiffs who dismiss their claims before pivotal orders are issued.  It asks only
27   whether a plaintiff has "dismissed an action in any court . . . based on or including the same claim
28   against the same defendant."  Fed. R. Civ. P. 41(d).  And even though the state court did not issue

an order, the timing of Owen's dismissal implies she wanted to avoid an adverse outcome and sought out a different court and more favorable law. She filed it just a few days before the motion hearing. By all indications, Owen preferred state court before Hyundai raised the arbitration agreement, but she preferred federal court when that agreement came into play.

For these reasons, Hyundai is entitled to an award of costs under Rule 41(d). It asks both for its costs and the attorneys' fees it incurred in the state court action. *See* Mot. at 5–7. Rule 41(d) does not refer expressly to fees, but rather only "costs." Fed. R. Civ. P. 41(d)(1). Until recently, the Ninth Circuit had not decided whether "costs" could include attorneys' fees. *See Moskowitz*, 37 F.4th at 542–43. District courts within the Circuit had held fees were available, many following the Central District's 1996 decision in *Esquivel*, 913 F. Supp. at 1382. *See, e.g.*, *Cheng v. PayPal, Inc.*, No. 21-03608, 2022 WL 126305, at *5 (N.D. Cal. Jan. 13, 2022). Last year, however, the Ninth Circuit held that "costs do not include attorney's fees as a matter of right." *Moskowitz*, 37 F.4th at 545. But the Circuit went no further than that. It did not decide whether attorney's fees could be awarded under Rule 41(d) if the statute underlying the plaintiff's claims would permit a fee award. *Id.* at 546. Nor did it decide whether Rule 41(d) permits a district court to award attorneys' fees if the plaintiff acted in "bad faith," including by engaging in forum shopping. *See id.* at 546; *see also id.* at 544 n.8 (defining "bad faith" to include "forum shopping").

Since *Moskowitz* was decided, at least one district court within this circuit has held that attorneys' fees remain available to deter bad-faith dismissals in search of a preferred court or judge. *See Milkcrate Athletics*, 2022 WL 3584501, at *13. Several federal appellate courts in other circuits have reached the same conclusion, and the Ninth Circuit relied on some of these decisions in *Moskowitz*. *See* 37 F.4th at 545 n.10 (citing *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13 (2d Cir. 2018), *Andrews v. Am.'s Living Ctrs., LLC*, 827 F.3d 306 (4th Cir. 2016), and *Esposito v. Piatrowski*, 223 F.3d 497 (7th Cir. 2000), among other authorities). These courts' reasoning is persuasive. As the Second Circuit explained in *Horowitz*, for example, "[t]he targets of deterrence under [Rule 41(d)] will often be litigants . . . that file complaints and quickly dismiss them, perhaps in reaction to initial unfavorable rulings, or hoping for a subsequent case

assignment to a judge they view as more favorable." 888 F.3d at 25. "[S]uch actions will rarely incur most of the expenses routinely recoverable as costs." *Id.* The Supreme Court has also long recognized district courts' inherent authority to remedy abusive and bad faith litigation by awarding attorneys' fees. *See, e.g.*, *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975).

The court therefore grants Hyundai's request for both costs and fees under Rule 41(d). What remains, then, is the amount of the award. An award under Rule 41(d) is appropriate only to compensate a defendant for the consequences of a plaintiff's wasteful or abusive litigation, not for any fees or costs it would have incurred regardless, so the award must be limited to the costs and fees the requesting party would not have incurred but for the opposing party's dismissal and refiling. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017) (limiting compensatory fee awards under district court's inherent authority "to the fees the innocent party incurred solely because of the misconduct"); *Esquivel*, 913 F. Supp. at 1388 (limiting Rule 41(d) awards to "needless" costs and fees).

Some costs Hyundai incurred, such as filing fees and related administrative expenses, likely cannot be repurposed for this case and court. This court cannot determine, however, whether all of Hyundai's costs and attorneys' fees were needless without more specific information. For example, it is unclear whether Hyundai's attorneys devoted time to endeavors they would not have pursued if Owen had continued litigating in state court. In this situation, it is appropriate to permit Hyundai to supplement its motion. *See, e.g.*, *Milkcrate*, 2022 WL 3584501, at *12, 14 (ordering supplemental briefing to resolve similar uncertainties).

**IV.  CONCLUSION**

Hyundai's request for an award of fees and costs under Rule 41(d) is **granted**. **Within fourteen days**, Hyundai may file a supplemental declaration showing what costs and fees it represents it incurred needlessly as a direct result of Owen's dismissal and refiling. Owen may file objections to Hyundai's supplemental declaration **within seven days of service**. This action

/////

1 is **stayed** until all fees and costs awarded are paid.  *See* Fed. R. Civ. P. 41(d)(2).  The motion
2 at ECF No. 16 **remains pending** while the court determines the proper award.
3     IT IS SO ORDERED.
4 DATED:  March 15, 2023.

<u>                                                     </u>
CHIEF UNITED STATES DISTRICT JUDGE