UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dayna Owen, | No. 2:22-cv-00882-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Hyundai Motor America, et al., | |
| Defendants. | |

In a previous order, this court determined defendant Hyundai Motor America is entitled to an award of fees and costs under Federal Rule of Civil Procedure 41(d) and this court's inherent authority to prevent abuses. *See* Prev. Order, ECF No. 31. The court permitted Hyundai to file a supplemental declaration showing what costs and fees it incurred needlessly as a direct result of plaintiff Dayna Owen's decision to dismiss the complaint she filed in state court and refile her claims in this court. *Id.* at 5–6. The court also permitted Owen to object to the supplemental declaration. *Id.* The parties have now filed their supplemental declaration and objections, respectively. *See generally* Suppl. Decl., ECF No. 33; Objs., ECF No. 34.

Owen argues at the outset that the court cannot award any fees whatsoever. *See* Objs. at 1–2. The court construes this argument as a request to reconsider its previous decision to award both fees and costs. That decision was "interlocutory" in that it did not finally resolve any claims or defenses. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885

(9th Cir. 2001).  District courts may revisit interlocutory decisions for any reason they find sufficient.  *Id.*  Ordinarily, courts do not reconsider unless the controlling law has changed, new evidence has come to light, or clear error or manifest injustice would otherwise go uncorrected.  *See, e.g.*, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  Owen has not cited any changes in the law or evidence, and she has identified no clear errors or manifest injustice.  She makes arguments she could have raised before.  "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'"  *Id.* at 880 (emphasis omitted) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  The court will not reconsider.

As the court held in its previous order, the award to Hyundai must be limited to the costs and fees Hyundai would not have incurred but for Owen's dismissal and refiling.  *See* Prev. Order at 6 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104 (2017); *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996), *overruled in part on other grounds by Moskowitz v. Am. Sav. Bank, F.S.B.*, 37 F.4th 538, 545–46 (9th Cir. 2022)).  The court has reviewed the billing records submitted with Hyundai's supplemental declaration to determine which costs and fees can be tied to the dismissal and refiling.  *See* Suppl. Decl. Exs. A–B, ECF No. 33.  Hyundai has shown it needlessly incurred $1,582.93 in court costs and $7,420.50 in attorneys' fees.  The attorneys who incurred those fees billed their time at reasonable rates of between $175 and $300 per hour.  *See id.*  Their time was spent conducting research in anticipation of moving to compel arbitration, drafting and revising that motion, preparing for oral arguments, and opposing Owen's ex parte motion to continue, among other similar tasks.  The court has excluded time dedicated to discovery, including motion practice over a protective order.  Much of the discovery the parties would have conducted in the state court case would likely have been necessary no matter the forum.  The court has also excluded time Hyundai's attorneys devoted to unspecified correspondence.  The court cannot confirm from Hyundai's billing records that this correspondence was tied to the dismissal and refiling.

1    In conclusion, as the court previously ordered, Hyundai's motion for fees and costs is
2 **granted**.  The court awards Hyundai **fees and costs of $9,003.43**.  Hyundai must file a written
3 notice on the docket of this action directly after receiving payment.  This action **will remain**
4 **stayed** until that notice is filed.  *See* Fed. R. Civ. P. 41(d)(2).
5    IT IS SO ORDERED.
6 DATED: April 13, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE