UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dayna Owen,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Hyundai Motor America, et al.,<br><br>　　　　　　Defendants. | No. 2:22-cv-00882-KJM-CKD<br><br>ORDER |

Plaintiff Dayna Owen moves to modify deadlines in the pretrial scheduling order. *See generally* Mot., ECF No. 39. Defendant Hyundai Motor America opposes the motion, which is now fully briefed, *see generally* Opp'n, ECF No. 46; Reply, ECF No. 49. The court submitted the motion without hearing oral arguments. ECF No. 48. As explained in this order, the motion is **granted**.

Owen alleges she bought a defective Hyundai Elantra in 2016. Compl. ¶¶ 8, 13, ECF No. 1. She filed this action in May 2022, asserting a variety of claims under state and federal laws that can offer remedies for consumers who buy defective products. *See generally id.* Hyundai answered the complaint, ECF No. 6, and the court issued a pretrial scheduling order under Federal Rule of Civil Procedure 16, *see* Mins. & Order, ECF No. 13; Standing Sched. Order, ECF No. 14. Among other deadlines, the court required the parties to complete all fact discovery by August 16, 2023. Min. Order, ECF No. 13.

After the court issued the pretrial scheduling order, Hyundai asked the court to assess costs against Owen under Federal Rule of Civil Procedure 41(d); Owen had recently dismissed a

very similar complaint in state court. ECF No. 16. Under Rule 41(d), if a plaintiff dismisses one action, then files another action "based on or including the same claim against the same defendant," then the court "may order the plaintiff to pay all or part of the costs of that previous action" and "may stay the proceedings until the plaintiff has complied." The court granted Hyundai's motion, assessed costs against Owen, and stayed the case until Hyundai received full payment of the assessed costs. *See* Order (Mar. 15, 2023), ECF No. 31; Order (Apr. 14, 2023), ECF No. 35. Owen complied with the court's order, and the court lifted the stay. *See* Order (June 26, 2023), ECF No. 40. In total, the stay was in effect for a little more than three months, from March 15 until June 26, 2023.

After Hyundai gave notice it had received payment, Owen moved to continue the dates set in the pretrial scheduling order. ECF No. 39. She argues the three-month stay has prevented the parties from completing discovery on time, as they could not request and exchange discovery or litigate discovery disputes while the case was stayed. *See, e.g.*, *id.* at 3–4. Hyundai opposes Owen's motion; it contends the parties have had enough time to complete discovery, and it argues Owen actually conducted discovery while the case was stayed. Opp'n at 3–4. Owen disagrees on both points. *See* Reply at 3–4.

Under Rule 16, a district court must issue a pretrial scheduling order, and that order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(1), (4). The party who asks to modify a scheduling order must show good cause. *See Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The good-cause requirement focuses primarily on the requesting party's diligence: has it diligently complied with the scheduling order, and why is a modification necessary? *See, e.g.*, *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd on unrelated question sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

Owen has shown good cause to modify the scheduling order. When the court set the schedule for this action, it did not anticipate—and could not reasonably have anticipated—that it would soon stay the case for more than three months under Rule 41(d). Although Hyundai had disclosed its plan to request costs under Rule 41(d), it was unclear then whether Hyundai would

be entitled to any relief.  *See* Joint Rep. at 13–14, ECF No. 12.  Owen's counsel also denies firmly that she sought any discovery until after she had fully satisfied the award imposed, and no evidence in the record shows otherwise.  *See* Reply at 2; Dolin Decl. ¶¶ 3–7, ECF No. 49-1.  Hyundai also is responsible for extending the stay needlessly.  Its attorney received a check for the assessed costs in early May, but she did not file a notice of that payment until mid-June.  *See* Yao Decl. ¶ 8, ECF No. 46-1.  In short, the Rule 41(d) stay unexpectedly paused discovery for more than a third of the fact discovery period, and Hyundai is partially responsible for prolonging the stay unnecessarily.  These circumstances are "good cause" to modify the scheduling order.  But Owen has not shown good cause for the full length of extensions she requests.  The extensions below will remedy the delays in question.

The motion to continue pretrial deadlines (ECF No. 39) is **granted in part**:

- Fact discovery shall be completed by **December 8, 2023**.
- Expert disclosures shall be completed by **January 12, 2024**.
- Rebuttal expert witnesses shall be exchanged by **February 9, 2024**.
- All expert discovery shall be completed by **March 8, 2024**.
- All dispositive motions, except for motions for continuances, temporary restraining orders or other emergency applications, shall be heard by **April 19, 2024**.

These dates may be modified only for good cause and with the court's consent.  All other provisions of this court's Rule 16 orders remain in force.

The court does not fault Hyundai for treating the dates in the scheduling order as firm deadlines, but its opposition to a reasonable extension of those deadlines is questionable in light of its attorney's role in prolonging the stay.  The court encourages the parties to meet and confer more effectively in the future to avoid unnecessary motion practice.

IT IS SO ORDERED.

DATED: July 25, 2023.

CHIEF UNITED STATES DISTRICT JUDGE