UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYNA OWEN,<br><br>  Plaintiff,<br><br>  v.<br><br>HYUNDAI MOTOR AMERICA,<br><br>  Defendant. | No. 2:22-cv-00882-KJM-CKD<br><br><br>ORDER |

Plaintiff's motion to compel is pending before this court.[1] (ECF No. 62.) A hearing on plaintiff's motion is set for November 15, 2023 at 10:00 A.M. As discussed below, the court finds that the parties have not fulfilled their obligations under the Federal Rules of Civil Procedure and the Local Rules. Accordingly, plaintiff's motion is DENIED without prejudice and the upcoming hearing on this motion is VACATED.

Before a party may bring a motion to compel, the movant must show that he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. Fed R. Civ. P. 37(a)(1). "Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a

1

---

[1] The case is before the undersigned pursuant to E.D. Cal. R. 302(c)(1) and 302(c)(21).

manner mutually convenient to counsel." L.R. 251(b).  The parties must set forth their differences and the bases for those differences in a joint statement, specifying, "with particularity," (1) the details of the conference or conferences;  (2) a statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and  (3) the contentions of each party as to each contested issue.  L.R. 251(c).

Here, plaintiff's motion was accompanied by a joint statement, signed by both parties, along with over one hundred pages of declarations and exhibits.  (ECF No. 62.)  Per the joint statement, the parties have not yet met and conferred regarding all issues currently before the court; specifically, regarding search terms to reduce defendant's burden, which is largely the basis of the parties' dispute.[2]  (ECF No. 62-1 at 45.)  Further, while the joint statement provides that that the parties met and conferred by video on August 7, August 15, and August 16,[3]  the parties fail to "describe with particularity...the details of the conferences," as required by Local Rule 251(c).  (Id. at 3.) The joint statement does not describe the details of the August video conferences and neither party has submitted a declaration explaining what issues were discussed during each of the meet and confer efforts.  Accordingly, the parties have not complied with the Federal Rules of Civil Procedure or the Local Rules.

The court therefore DENIES plaintiffs' motion to compel without prejudice and orders the parties to further meet and confer.[4] After the parties have conducted adequate, good faith meet-

---

[2] The joint statement indicates that defendant has refused to engage in plaintiff's efforts to meet and confer on search terms. (ECF No. 62-1 at 45.)  The Local Rules provide that counsel for any party who is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference, counsel for that party may file and serve an affidavit so stating, setting forth the nature and extent of counsel's efforts to arrange the required conference or procure the required joint statement, the opposing counsel's responses or refusals to respond to those efforts, the issues to be determined at the hearing, and the moving party's contentions with regard to the issues, including any briefing in respect thereto.  See L.R. 110 (d). Here, plaintiff has not filed a declaration to this effect and therefore plaintiff's accusations are given little weight.

[3] The court notes that the parties do not describe any efforts to meet and confer in the two months preceding the filing of plaintiff's motion, which belies a good faith effort to resolve this dispute without court intervention.

[4] Plaintiff requests the court seal the documents lodged at ECF No. 62-16. Local Rule 141(f)

2

and-confer efforts regarding each issue, plaintiffs may refile a discovery motion as to any discovery matters that remain. Any subsequent discovery motion must fully comply with the Local Rules.

The parties are cautioned that any future failure to properly meet and confer prior to filing a discovery motion may result in the imposition of sanctions. The parties are encouraged to carefully evaluate the reasonableness of their positions with respect to each discovery request they bring before the court, because if the court finds that either or both parties were unreasonable, sanctions will be imposed on the offending party(ies).

## **ORDER**

For the reasons set forth, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Discovery (ECF No. 62) is DENIED. The parties are ordered to further meet and confer;
2. The hearing set for November 15, 2023 at 10:00 A.M. is VACATED; and
3. Plaintiff's Request to Seal (ECF No. 62-16) is DENIED.

Dated: November 8, 2023

November 8, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

provides: "Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed." Good cause exists where the party seeking protection shows that specific prejudice or harm will result if the request to seal is denied. Anderson v. Marsh, 312 F.R.D. 584, 594 (E.D. Cal. 2015). Plaintiff has not made the required showing. Accordingly, plaintiff's request to seal is DENIED without prejudice.