UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAYNA OWEN,<br><br>  Plaintiff,<br><br>  v.<br><br>HYUNDAI MOTOR AMERICA,<br><br>  Defendant. | No. 2:22-cv-00882-KJM-CKD<br><br>ORDER |

Plaintiff Dayna Owen filed this action against defendant Hyundai Motor America for violating the Song-Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act. (See generally ECF No. 1.)

Presently pending before this court is plaintiff's motion to compel responses to Requests for Production (RFP) Nos. 1, 11, 23, 57, and 72.[1] (ECF No. 69.) As discussed below, plaintiff's motion is GRANTED in part and DENIED in part. Plaintiff's requests to seal are DENIED. (ECF Nos. 70-19 and 75.)

////////

////////

---

[1] The parties appeared for a hearing via videoconference on December 6, 2023. Attorneys Payam Shahian and Dara Tabesh appeared for plaintiff and attorney Siyun Yao appeared for defendant.

1

I. BACKGROUND

This matter was initially scheduled for a November 15, 2023, hearing on plaintiff's motion to compel. (ECF No. 65.) However, as the parties had not met and conferred on all issues, the undersigned denied the motion without prejudice, vacated the hearing, and ordered the parties to further meet and confer. (ECF No. 68.) The parties were cautioned that any future failure to properly meet and confer prior to filing a discovery motion could result in the imposition of sanctions. (Id. at 3.)

The parties met for a videoconference but were unable to resolve the outstanding issues informally. (ECF No. 72-1.) Plaintiff filed the instant motion to compel and set it for a December 6, 2023, hearing. (ECF No. 69.) Each party blames the other. According to plaintiff, defendant refused to discuss search terms during a videoconference. (ECF No. 70-1 at 2.) According to defendant, plaintiff's counsel yelled at defendant's counsel during the conference and defendant's counsel was unable to get a word in. (ECF No. 72-1 at para. 18.)

On November 17, 2023, plaintiff emailed a draft joint statement to defendant's counsel and requested that defendant respond no later than noon on Wednesday November 22, 2023, the date the parties' joint statement was due. (ECF No. 70-2 at 2.) Plaintiff asked defendant to advise if additional time was needed so that the parties could stipulate to a discovery extension, given the impending close of fact discovery. (Id.) On November 22, 2023, defendant's counsel sent additional discovery responses to plaintiff. (ECF No. 70-1 at 3.) Plaintiff's counsel determined that the responses were deficient and indicated that if more time was needed to provide sufficient responses, plaintiff would stipulate to a discovery extension in lieu of filing the statement. (Id. at 4.) Plaintiff's counsel filed the statement unilaterally when defendant's counsel did not further respond. (ECF No. 70.)

II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties

> May obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

      discovery in resolving the issues, and whether the burden or expense
      of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

  A motion to compel is appropriate when a party fails to produce relevant, non-privileged documents requested pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv), (a)(4).  The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC, No. 2:10-CV-0389-WBS-KJN, 2011 WL 2433655, at *5 (E.D. Cal. June 14, 2011).  Thereafter, the party opposing discovery has the burden of showing the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

  III.  DISCUSSION

    A. Requests for Production

      1. RFP No. 1

  RFP No. 1 seeks all documents regarding the subject vehicle in defendant's databases. (ECF No. 70 at 6.)  Plaintiff asks the court to order that defendant amend its responses to 1) indicate whether compliance is in full or in part and 2) state whether any responsive materials are being withheld on the basis of an objection.  (Id. at 6-7.)  Rule 26(g) requires an attorney to sign a discovery response, thus certifying that the response was made after a reasonable inquiry. Further, the Advisory Committee Notes to the 2006 Amendment to Rule 26(b)(2) provide that the responding party must identify, by category or type, the sources (i.e., databases) containing potentially responsive information that it is neither searching nor producing.  Under Rule 34(b)(2)(C), a responding party must state whether it withheld any responsive material as a result of its objections.  Compliance with the Federal Rules is mandatory.  Defendant's opposition does not indicate that defendant has further amended its discovery responses in compliance with plaintiff's request.

  Accordingly, plaintiff's request to compel amended responses to RFP No. 1 is GRANTED.  Within seven (7) days of this order, defendant shall amend its discovery response to

comply with Rules 26(g) and 34(b)(2)(c).  Plaintiff shall indicate whether compliance is full or in part and to indicate whether any responsive materials are being withheld on the basis of an objection.  If responsive materials are withheld on the basis of an objection, defendant must substantiate the objection by identifying the sources (i.e., databases) containing potentially responsive information that defendant is neither searching nor producing.

### 2.  RFP No. 11

RFP No. 11 seeks defendant's documents regarding communications with plaintiff regarding the subject vehicle.  (ECF No. 70 at 9.)  Plaintiff asks this court to order defendant to produce an unredacted call log regarding plaintiff's communications defendant.  (Id.)  Defendant argues the redacted information is protected by attorney-client privilege.  (ECF No. 72 at 12.)  Plaintiff asserts it is not seeking privileged information because the communications occurred before the instant litigation was filed.  (ECF No. 70 at 9.)  The court disagrees with plaintiff.  The attorney-client privilege protects confidential communications between attorneys and clients that are made for the purpose of giving legal advice.  See United States v. Sanmina Corp., 968 F.3d 1107, 1116 (9th Cir. 2020).

Accordingly, plaintiff's motion to compel responses to RFP No. 11 is DENIED.

### 3.  RFP No. 23

RFP No. 23 seeks database information; specifically, documents concerning field reports, dealer contacts, warranty claims, customer complaints, claims, quality reports, and/or reported failures regarding engine defects in Hyundai Vehicles equipped with the same 2.0L engine as the subject vehicle.  (ECF No. 70 at 11.)  During the motion to compel hearing, plaintiff's counsel asked that defendant conduct searches on the warranty database, field report/dealer contact database, and customer complaint database, and to run the codes associated with the problems identified in the subject vehicle (i.e., diagnostic codes, nature codes, and cause codes) to see if other vehicles with the same engine had the same defects.

Courts have found that information regarding similar defects in other vehicles are relevant to whether defendant acted reasonably in denying a plaintiff's warranty claim.  See e.g., Jensen v. BMW of N. Am., LLC, 328 F.R.D. 557, 562–63 (S.D. Cal. 2019).  Therefore, plaintiff's request

meets the low threshold for establishing relevance under Rule 26.

While defendant objects on the basis of burden and overbreadth, defendant has not sufficiently substantiated its objections. Defendant describes some efforts that HMA made to comply with plaintiff's requests. (ECF No. 72 at 15, "HMA conducted a more narrowed search than the one proposed by Plaintiff in response to this request, and this resulted in over 3,000 results for dealer contacts and over 1,500 results customer contacts.") Plaintiff argues that defendant's objections are lacking, as defendant has not, identified by category or type, the sources (e.g., databases) containing potentially responsive information that it is neither searching nor producing, and has not shown the court why searching these databases would yield an outsized discovery response. The court agrees with plaintiff. Indeed, the court suspects that had defendant's counsel provided plaintiff fulsome discovery responses, identifying the sources (i.e., databases) containing potentially responsive information that it objected to producing, the parties could have avoided court intervention and instead engaged in productive meet and confer efforts.

Defendant argues that certain proposed terms are overbroad and not narrowly tailored, such as "engine defect" and the cause code "ZZ3." (ECF No. 72 at 17.) Defendant states, "ZZ3 could produce thousands of results not related to [p]laintiff's complaints with the subject vehicle." (ECF No. 72 at 17.) However, defendant has not proposed any alternative search terms that would yield responsive information in their databases. Defendant, as the responding party, is the "best situated to evaluate the procedures, methodologies, and technologies appropriate for reserving and producing their own electronically stored information." Brewer v. BNSF Ry. Co., No. CV-14-65-GF-BMM-JTJ, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018). See also D.M. v. Cnty. of Merced, No. 120CV00409NONESAB, 2021 WL 3269245, at *10 (E.D. Cal. July 30, 2021) (determining that the onus of providing search terms was on the responding party, particularly during a late stage in litigation).

Accordingly, plaintiff's motion to compel production of documents responsive to RFP No. 23 is GRANTED. Defendant shall conduct searches on the warranty database, field report/dealer contact database, and customer complaint database for information responsive to this request. Defendant must identify, by category or type, the sources (i.e., databases) containing

potentially responsive information that it is neither searching nor producing. (See Advisory Committee Notes to the 2006 Amendment to Rule 26(b)(2).)

                4. RFP No. 57

RFP No. 57 seeks: "All training manuals and/or other DOCUMENTS relating to the training given to YOUR employees, agents, or representatives, since 2017, in connection with handling consumer lemon law repurchase requests." (ECF No. 70 at 20.) Plaintiff argues that defendant's response is insufficient because it is a qualified response and because it fails to state whether any responsive materials are being withheld on the basis of an objection. See Fed. R. Civ. P. 34(b)(2)(C). (ECF No. 70 at 21.) The court agrees.

Accordingly, plaintiff's request to compel amended responses to RFP No. 57 is GRANTED. The court hereby orders that within seven (7) days of this order defendant submit to plaintiff amended responses that are compliant with Rules 26(g) and 34(b)(2)(c).

                5. RFP No. 72

RFP No. 72 requests documents regarding communications between defendant and government entities regarding engine defects in vehicles equipped with the same 2.0L engine as the subject vehicle. (ECF No. 70 at 21.) Defendant objects that the request is overbroad because the request involves other vehicles and separate entities. (ECF No. 72 at 18-19.) The court disagrees with defendant. Information about "other vehicles" with the same engine as the subject vehicle is relevant to plaintiff's Song-Beverly Consumer Warranty Act action and therefore discoverable. See e.g., Donlen v. Ford Mot. Co., 217 Cal. App. 4th 138, 154 (2013) (admitting in Song Beverly case evidence of other trucks, as "[i]t was limited to the transmission model Ford installed in plaintiff's truck and other vehicles."); Jensen v. BMW of N. Am., LLC, 328 F.R.D. 557, 562-63 (S.D. Cal. 2019) (finding other vehicle information concerning the same defects could be a consideration in deciding whether manufacturer acted in good faith as to Plaintiff's specific case and therefore met relevance bar). To the extent defendant objects on the basis of burden, defendant has not substantiated the objection. (ECF No. 72 at 19.)

Accordingly, plaintiff's motion to compel responses to RFP No. 72 is GRANTED. Defendant shall produce responsive documents within seven (7) days of this order.

B. Requests to Seal

1. ECF Nos. 70-19 and 75

Plaintiff requests the court seal the documents lodged at ECF No. 70-12 and ECF No. 70-17. (ECF No. 70-19.) Local Rule 141(f) provides: "Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed." Good cause exists where the party seeking protection shows that specific prejudice or harm will result if the request to seal is denied. Anderson v. Marsh, 312 F.R.D. 584, 594 (E.D. Cal. 2015). The parties have not established why either party would suffer prejudice if the requested documents were not sealed. Accordingly, both requests to seal, ECF Nos. 70-19 and 75, are DENIED. Within seven days of this order, plaintiff shall file unredacted versions of the documents referenced in ECF Nos. 70-19 and 75 on the public docket.

2. ECF No. 62-16

On October 25, 2023, the court denied plaintiff's request (ECF No. 62-16) to file documents under seal. (ECF No. 68.) Within seven days of this order, plaintiff shall file unredacted versions of the documents referenced in ECF No. 62-16 on the public docket.

C. Abuse of Discovery Process

The court previously denied plaintiff's motion without prejudice to renewal and ordered the parties to meet and conferred in good faith regarding search terms. (ECF No. 68.) However, the court is not persuaded that plaintiff engaged in good faith meet and confer efforts. The meet and confer requirements contemplate "an informal conference" in which the parties "present to each other the merits of their respective positions with the same specificity with which they would brief the discovery dispute." Linlor v. Chase Bankcard Servs., Inc., No. 17CV5-WQH(KSC), 2018 WL 2149795, at *4 (S.D. Cal. May 9, 2018), citing Wilson v. Aargon Agency, Inc., 262 F.R.D. 561, 564 (D. Nev. 2010). To satisfy the meet and confer requirements, the moving party must "personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." Cung Le v. Zuffa, LLC, 321 F.R.D. 636, 647 (D. Nev. 2017) (internal citations and quotations omitted).

According to defendant, plaintiff's counsel yelled at defendant's counsel throughout the duration of the videoconference and threatened to seek sanctions. (See ECF No. 72-2 at para. 18, "The meet and confer conference was not fruitful as I was unable to get a word in, while Plaintiff's counsel was yelling and threatening sanctions me.") A videoconference in which one side berates another belies a good faith attempt to meet and confer.

Defendant's counsel is not blameless either. On November 17, 2023, when plaintiff sent defendant the draft joint statement, plaintiff asked defendant to advise if additional time was needed so the parties could stipulate to a discovery extension, as discovery closes on December 8, 2023. (ECF No. 70-2 at 2.) Defendant's counsel did not timely inform plaintiff that additional time would be needed to respond to discovery requests. Further, defendant's counsel clearly did not read plaintiff's statement (ECF No. 70) prior to submitting a written opposition. Two of the requests at issue in plaintiff's motion (RFP Nos. 1 and 57) were simply requests for amended responses that are compliant with Federal Rule 26(g) and 34(b)(2)(c), which defendant's opposition completely ignores.

Based on the parties' written representations and courtroom conduct, it is clear that both parties abused the discovery process by failing to comply with the standards expected of litigants and counsel before this court, and by completely failing to cooperate in the meet and confer process. Going forward in this case, the court will impose monetary sanctions on any attorney that seeks court intervention without first engaging in a good faith effort to resolve the dispute without court intervention.

IV. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Discovery (ECF No. 69) is GRANTED in part and DENIED in part.
    a. Plaintiff's motion to compel responses to RFP Nos. 1, 23, 57, and 72 is GRANTED as set forth herein.
    b. Plaintiff's motion to compel further responses to RFP No. 11 is DENIED.
2. Plaintiff's Requests to Seal (ECF Nos. 70-19 and 75) are DENIED.

a. Within seven days of this order, plaintiff shall file unredacted versions of the documents referenced in ECF Nos. 62-16, 70-19, and 75 on the public docket.

Dated: December 8, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21,owen.0882