UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dayna Owen,<br><br>             Plaintiff,<br><br>    v.<br><br>Hyundai Motor America, et al.,<br><br>             Defendants. | No. 2:22-cv-00882-KJM-CKD<br><br>ORDER |

This court originally set discovery and other pretrial deadlines in late 2022. FRCP 16 Bench Order, ECF No. 13. Plaintiff Dayna Owen later requested an extension of those deadlines, which the court granted in part. Order (July 26, 2023), ECF No. 54. Fact discovery was set to be complete on December 8, 2023, expert disclosure and discovery deadlines were set over the following months, and the deadline for a hearing on any dispositive motions was set for April 19, 2024. *Id.* at 3.

During discovery, the parties requested and received an additional but limited extension of their discovery deadline. The deadline for fact discovery was continued by their stipulation until March 8, 2024 to allow Owen to take a second deposition of a defense witness designated to give testimony under Federal Rule of Civil Procedure 30(b)(6). *See* Stip., ECF No. 76; Order (Dec. 8, 2023), ECF No. 80. The court did not change any other pretrial deadlines, as the parties had

made clear their stipulation was only to move "the fact discovery cut-off" and only "for the limited purpose" of the 30(b)(6) deposition.  Stip. at 6, ECF No., 5.

Owen now applies ex parte for an extension of all remaining deadlines—for expert disclosures, rebuttal expert disclosures, the close of expert discovery and dispositive motions.  ECF No. 87.  Defendants have not responded or opposed, and the deadline for oppositions has passed.

"A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  That is, the court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Id.* (quoting Fed. R. Civ. P. 16 Advisory Committee's Notes to 1983 Amendment).

Owens argues she has good cause for an extension because the fact discovery deadline now follows the deadlines for the disclosures of expert witnesses and rebuttals.  *See* Ex Parte App. at 5.  But that sequence was apparent from the parties' stipulation and the court's order adopting that stipulation, both filed more than a month ago, as summarized above.

Owens admits her pending ex parte request "could have been filed earlier."  *Id.* at 7 n.4.  She ascribes the delay to her attorneys' "mistaken impression that all pretrial deadlines, not just fact discovery, had been continued for 90 days, as that was the original intent of the [previous] stipulation."  *Id.*  She cites no evidence to show the defense shared that understanding, nor authority to show an attorney's mistaken impression demonstrates diligence, and the court is aware of none.

The ex parte application (ECF No. 87) is **denied**.

IT IS SO ORDERED.

DATED:  January 18, 2024.

CHIEF UNITED STATES DISTRICT JUDGE