UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dayna Owen,<br><br>             Plaintiff,<br><br>      v.<br><br>Hyundai Motor America,<br><br>             Defendant. | No. 2:22-cv-00882-KJM-CKD<br><br>ORDER |

      This action arises under the California Song-Beverly Consumer Warranty Act and related state and federal law.  After several months of discovery, plaintiff Dayna Owen accepted defendant Hyundai Motor America's offer of judgment.  The court entered judgment in favor of plaintiff in the amount of $72,000.00.  As the prevailing party, plaintiff moves for reasonable attorney's fees, costs and expenses.  The motion is **granted** with modifications as explained in this order.

**I.      BACKGROUND**

      Plaintiff alleged she bought a defective Hyundai Elantra in 2016.  Compl. ¶¶ 8, 13, ECF No. 1.  Plaintiff requested defendant buy back the vehicle or provide restitution after defendant could not repair the defects.  *Id.* ¶ 15.  Defendant did not provide restitution.  *Id.* ¶¶ 15, 17.  Plaintiff then filed a lawsuit in California state court, asserting claims under California law,

including the Song-Beverly Act. *See* Prior Order (Mar. 15, 2023) at 2,[1] ECF No. 31 (citing State Ct. Compl., *Owen v. Hyundai Motor Am.*, No. 34-2021-00296264 (Cal. Super. Ct. Sacramento Cty. filed Mar. 11, 2021)).[2] Plaintiff voluntarily dismissed that complaint and filed a new complaint in this court. *Id.*

Plaintiff's allegations in this action mirror those in her state complaint. *See id.*; *compare* Compl., *with* State Ct. Compl. Plaintiff's timing of the dismissal of her state complaint implied she had filed this action in an attempt to avoid an adverse outcome in state court, namely, arbitration. *See* Prior Order (Mar. 15, 2023) at 4–5. The court thus granted defendant's motion for an assessment of costs and fees under Federal Rule of Civil Procedure 41(d), which serves as a deterrent to forum shopping. *See generally id.* The court then awarded defendant the costs and fees it "would not have incurred but for [plaintiff's] dismissal and refiling." Prior Order (Apr. 14, 2023) at 2, ECF No. 35. The court stayed the action until plaintiff paid all fees and costs. *See id.* at 7; Prior Order (Mar. 15, 2023) at 6–7.

After defendant received payment, the court lifted the stay. Prior Order (June 26, 2023), ECF No. 40. The parties engaged in discovery, and after discovery-related motions practice, plaintiff accepted defendant's offer of judgment in the amount of $72,000.00. Req. Entry of J., ECF No. 90. The court entered judgment on January 31, 2024. J., ECF No. 91. Plaintiff filed a bill of costs seeking $9,246.63. *See* Bill of Costs, ECF No. 92. Plaintiff now moves for attorney's fees, and the costs and expenses they previously requested in the bill of costs, under the Song-Beverly Act. Mot., ECF No. 93; Mem., ECF No. 93-1. Defendant opposes, Opp'n, ECF No. 94, and plaintiff has replied, Reply, ECF No. 95. The court submitted the motion without oral argument. Min. Order (Apr. 9, 2024), ECF No. 98.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

[2] The court takes judicial notice of that filing. *See* Fed. R. Evid. 201(b); *Ahlstrom v. DHI Mortg. Co., Ltd., L.P.*, 21 F.4th 631, 633 n.1 (9th Cir. 2021). Copies are available on the docket of this action at ECF No. 17.

## II.     LEGAL STANDARD

Attorney's fee requests under the Song-Beverly Act are governed by California Civil Code section 1794(d). Plaintiff buyers who prevail under that section "shall" recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended," as long as those amounts were "reasonably incurred by the buyer in connection with the commencement and prosecution" of the case. Cal. Civ. Code § 1794(d). "The plain wording of [this] statute requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred—both from the standpoint of time spent and the amount charged." *Robertson v. Fleetwood Travel Trailers of CA, Inc.*, 144 Cal. App. 4th 785, 817 (2006) (emphasis omitted). The prevailing party has the burden to show "the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994) (citation and marks omitted).

If the opposing party challenges the fees request, "it is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Assn.*, 163 Cal. App. 4th 550, 564 (2008). "General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Id.*

## III.    DISCUSSION

The parties do not dispute plaintiff is entitled reasonable attorney's fees, expenses and costs. *See* Def.'s Offer of J. ¶ 2, Req. for Entry of J. Ex. 1; Opp'n at 8. The court begins with the fee award. To decide on a reasonable fee, the court first calculates the "lodestar" award by multiplying counsel's hourly rate by the number of hours expended. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 154 (2006) (citation omitted). Then the court considers whether to apply an adjustment. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).

In this matter, plaintiff was represented by lawyers from two separate firms—EcoTech Law Group, PC (EcoTech) and Strategic Legal Practices, APC (SLP). Plaintiff proposes the following rates and hours, which are broken down by the two firms that represented plaintiff and

are categorized by the attorneys' names, the years during which the attorneys billed in this case, the years of the attorneys' experience, the number of hours billed, and the billing rate per hour.

| EcoTech Attorney | Year Billed | Years of Experience | Hours | Billing Rate/Hr. | Lodestar |
|---|---|---|---|---|---|
| Dara Tabesh | 2023-2024 | 21-22 | 111.6 | $ 610.00 | $ 68,076.00 |
|  |  |  |  | **Total** | **$ 68,076.00** |

| SLP Attorneys | Year Billed | Years of Experience | Hours | Billing Rate/Hr. | Lodestar |
|---|---|---|---|---|---|
| David Lunn | 2023 | 25 | 3.7 | $ 620.00 | $ 2,294.00 |
| Ivy Choderker | 2023 | 23 | 57 | $ 595.00 | $ 33,915.00 |
| Joy Deleon | 2023 | 23 | 3.4 | $ 575.00 | $ 1,955.00 |
| Elizabeth Larocque | 2024 | 22 | 0.2 | $ 595.00 | $ 119.00 |
| Elizabeth Larocque | 2023 | 21 | 9.1 | $ 595.00 | $ 5,414.50 |
| Greb Yu | 2023 | 19 | 10.8 | $ 625.00 | $ 6,750.00 |
| Mark Gibson | 2022 | 14 | 2.2 | $ 485.00 | $ 1,067.00 |
| Mani Arabi | 2023 | 11 | 24.3 | $ 495.00 | $ 12,028.50 |
| Tionna Carvalho | 2024 | 10 | 1.4 | $ 595.00 | $ 833.00 |
| Tionna Carvalho | 2023 | 9 | 11.8 | $ 570.00 | $ 6,726.00 |
| Tionna Carvalho | 2022 | 8 | 0.5 | $ 550.00 | $ 275.00 |
| Ariel Harman-Holmes | 2023 | 6 | 1.1 | $ 425.00 | $ 467.50 |
| Ariel Harman-Holmes | 2022 | 5 | 7.5 | $ 400.00 | $ 3,000.00 |
| Alayna Dias | 2023 | 1 | 3.6 | $ 325.00 | $ 1,170.00 |
|  |  |  |  | **Total** | **$ 76,014.50** |

Plaintiff also proposes a 1.35x lodestar multiplier applied to the total attorney's fees, or $50,431.68,[3] and seeks an additional $4,500 for the time her counsel expected to spend reviewing defendant's opposition to her current motion, drafting her reply, and attending a hearing. Plaintiff also seeks $9,721.63 in costs. Defendant argues plaintiff's fee demand is "grossly overstated and excessive." Opp'n at 5. Specifically, it challenges A) the timeliness of the motion; B) the reasonableness of the billing rates requested; C) the reasonableness of the hours spent;

---

[3] (76,014.50 + 68,076.00) x 0.35 = 50,431.68.

D) the requested lodestar multiplier; and E) the proposed costs. *See generally id.* The court addresses these arguments in turn.

### A. Timeliness of Motion

Defendant relies on Federal Rule of Civil Procedure 54 to argue plaintiff's motion is untimely. But Rule 54 provides a motion for attorney's fees "must[] be filed no later than 14 days after the entry of judgment" unless a "court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(A). This District's Local Rules provide: "Motions for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final judgment." E.D. Cal. L.R. 293(a). The court entered judgment on January 31, 2024. *See* J. Plaintiff filed its motion within 28 days on February 28, 2024. *See* Mot. The motion is timely.

### B. Reasonableness of Billing Rates

"[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted); *see Arias v. Ford Motor Co.*, No. 18-1928, 2020 WL 1940843, at *3 (C.D. Cal. Jan. 27, 2020) (collecting authority). "[T]he relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. "[D]etermining an appropriate 'market rate' for the services of a lawyer is inherently difficult[.]" *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Thus, "[t]o inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community[.]" *Id.* Satisfactory evidence may include affidavits of attorneys regarding the prevailing rates in the community and determinations made in other cases. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "If an applicant fails to meet its burden, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community." *Arias*, 2020 WL 1940843, at *3 (citations omitted).

As totaled in the table above, plaintiff seeks to recover the fees for eleven attorneys at two firms with hourly rates ranging from $325 to $625 per hour. *See* EcoTech Invoice, Tabesh Decl.

Ex. 1, ECF No. 93-3; SLP Invoice, Shahian Decl. Ex. 22, ECF No. 93-10. These attorneys have between one to twenty-five years of experience. *See* Tabesh Decl., ECF No. 93-2; Shahian Decl. Plaintiff supports her request with declarations from two of the attorneys, Dara Tabesh, and Payam Shahian, detailing the attorneys' experience and explaining why their rates are reasonable. *See id.*

Defendant argues the court should not accept the "self-vouching" hourly rates from plaintiff's counsel because these types are cases are rifled with abuse, and the lack of accountability allows attorneys to "get away" with these high rates. *See* Opp'n at 5, 9–10. Although defendant relies on a trade publication to make this argument, it cites no evidence showing the rates proposed in this case, the court's only focus, are unreasonable. *See generally id.* at 9–10. Rather, it argues plaintiffs' counsel have not shown the attorneys' hourly rates are reasonable or that plaintiff "was *actually charged* or *actually agreed to pay* these mysteriously generated rates." *Id.* at 10–11 (emphasis in original). Defendant does not cite authority requiring plaintiff provide evidence she agreed to pay specific rates. *See id.* at 10. California courts have instead held that attorney's fee agreements are "relevant and may be considered," but do "not compel any particular award." *Glaviano v. Sacramento City Unified Sch. Dist.*, 22 Cal. App. 5th 744, 757 (2018) (collecting cases). Courts must use the lodestar method to calculate the award. *Id.*

Defendant also argues no evidence shows local counsel was unwilling or unable to prosecute this action such that plaintiff needed to retain attorneys from Los Angeles and San Francisco. Opp'n at 11. The court may apply "rates from outside the forum . . . 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).

Plaintiff has not shown there was no local counsel available or that the proposed rates are in accord with prevailing rates in this district. Although plaintiff argues the proposed rates are similar to those awarded in other Song-Beverly Act cases, *see* Mot. at 14–17, very few, if any, of

6

the cited rates were awarded in or near this District, let alone by judges in the Sacramento courthouse. Most were awarded by judges in other districts or cities. *See, e.g.*, Tabesh Decl. ¶ 4 (none awarded in Sacramento or this District); Shahian Decl. ¶¶ 17–43 (two out of twenty-six cases awarded in Sacramento).

The court also looks to attorneys' fees awards in similar cases in this District for guidance. The court has surveyed attorneys' fees awards under the Song-Beverly Act in this District in the past five years and has found the following:[4]

- The typical rate for attorneys who have been practicing for five years or less is between $200 and $250/hour;
- The typical rate for attorneys who have been practicing for more than five years but less than ten years is between $275 and $350/hour;
- The typical rate for attorneys who have been practicing for more than ten years but less than fifteen years is between $350 and $375;
- The typical rate for attorneys who have been practicing for more than fifteen years but less than twenty years is between $400 and $500; and
- The typical rate for attorneys who have been practicing for more than twenty years but less than thirty years is $500.

---

[4] Unless noted otherwise, the court has relied on the following decisions to identify these rates: *Siafarikas v. Mercedes-Benz USA, LLC*, No. 20-01784, 2022 WL 16926265, at *3 (E.D. Cal. Nov. 14, 2022); *Davis v. Mercedes-Benz USA, LLC*, No. 21-0174, 2022 WL 16529527, at *2 (E.D. Cal. Oct. 28, 2022); *DCL Tech., Inc. v. Ford Motor Co.*, No. 21-00828, 2022 WL 2441572, at *3 (E.D. Cal. July 5, 2022); *Cianchetta v. BMW of N. Am., LLC*, No. 22-00241, 2022 WL 2160556, at *6 (E.D. Cal. June 15, 2022); *Quinonez v. FCA US, LLC*, No. 19-02032, 2022 WL 2007429, at *2 (E.D. Cal. June 6, 2022); *Scott v. Jayco Inc.*, No. 19-0315, 2021 WL 6006411, at *19 (E.D. Cal. Dec. 20, 2021); *Martinez v. Ford Motor Co.*, No. 18-01607, 2021 WL 3129601, at *7 (E.D. Cal. July 23, 2021); *Nagesh v. BMW of N. Am., LLC*, No. 18-00839, 2021 WL 1060357, at *4 (E.D. Cal. Mar. 19, 2021); *Heffington v. FCA US LLC*, No. 17-00317, 2020 WL 5017610, at *8 (E.D. Cal. Aug. 25, 2020); *Powell v. FCA US LLC*, No. 16-02781, 2020 WL 4937358, at *8 (E.D. Cal. Aug. 24, 2020); *Seebach v. BMW of N. Am., LLC.*, No. 18-00109, 2020 WL 4923664, at *6 (E.D. Cal. Aug. 21, 2020); *Aviles v. Subaru of Am., Inc.*, No. 18-01544, 2020 WL 868842, at *6 (E.D. Cal. Feb. 21, 2020); *Figures v. FCA US LLC*, No. 17-00618, 2020 WL 820164, at *8 (E.D. Cal. Feb. 19, 2020); *Rueda v. FCA US LLC*, No. 17-00968, 2020 WL 469333, at *7 (E.D. Cal. Jan. 29, 2020); *Arias v. FCA US LLC.*, No. 18-00392, 2019 WL 6211353, at *3 (E.D. Cal. Nov. 21, 2019); *Sekula v. FCA US LLC*, No. 17-00460, 2019 WL 5290903, at *7 (E.D. Cal. Oct. 18, 2019).

- Courts in this district ordinarily reserve fees greater than $600 for attorneys who have been practicing for more than thirty years.[5]
- For law clerks, the average rate is between $125 to $175.[6]

Compared to these rates, plaintiff's proposed rates exceed those typically approved in this district. Accordingly, the court adjusts the rates of plaintiff's attorneys as follows:

| Attorney | Year Billed | Years of Experience | Billing Rate/Hr. |
|---|---|---|---|
| Dara Tabesh | 2023–2024 | 21-22 | $500.00 |
| David Lunn | 2023 | 25 | $550.00 |
| Ivy Choderker | 2023 | 23 | $500.00 |
| Joy Deleon | 2023 | 23 | $500.00 |
| Elizabeth Larocque | 2023–2024 | 21–22 | $500.00 |
| Greb Yu | 2023 | 19 | $475.00 |
| Mark Gibson | 2022 | 14 | $375.00 |
| Mani Arabi | 2023 | 11 | $375.00 |
| Tionna Carvalho | 2022–2024 | 8–10 | $350.00 |
| Ariel Harman-Holmes | 2022–2023 | 5–6 | $300.00 |
| Alayna Dias | 2023 | 1 | $175.00 |

### C. Reasonablness of Hours Incurred

"A district court, using the lodestar method to determine the amount of attorney's fees to award, must determine a reasonable number of hours for which the prevailing party should be compensated." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). A reasonable number of hours is ultimately what "could reasonably have been billed to a private client." *Id.* (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

---

[5] *See, e.g.*, *Seebach*, 2020 WL 4923664, at *6 ($650 for attorney with 35 years of experience); *Aviles*, 2020 WL 868842, at *6 ($640 for attorney with 36 years of experience).

[6] *See, e.g.*, *Cianchetta*, 2022 WL 2160556, at *7; *Mohamed v. Barr*, 562 F. Supp. 3d 1128, 1135 (E.D. Cal. 2022); *Scott*, 2021 WL 6006411, at *19.

The court may rely on two methods of calculation. "First, the court may conduct an 'hour-by-hour analysis of the fee request,' and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Gonzalez*, 729 F.3d at 1203 (quoting *Gates*, 987 at, 1399). "Second, when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of excluding non-compensable hours from a fee application." *Id.* (internal marks, alterations and citations omitted). Here, the court declines to apply an across-the-board reduction. The invoices and motion are not so "massive" that an hour-by-hour analysis would be impractical.

Defendant makes several specific arguments in opposing the number of hours plaintiff's attorneys claim. The court considers each of these in turn.

### 1. Truthfulness and Accuracy of Invoices

First, defendant argues there is no evidence of the truthfulness or accuracy of actual time spent by the attorneys. Opp'n at 12. However, plaintiff's counsel has submitted declarations attesting to the veracity of the billing records. *See* Tabesh Decl. ¶ 5; EcoTech Invoice; Shahian Decl.¶¶ 1, 66–67 (declaration of SLP Managing Partner); SLP Invoice. Defendant cites no authority showing each individual attorney must submit a declaration attesting to the accuracy of his or her hours. In fact, in its own motion for assessment of costs and fees, defendant included a declaration from just one attorney. *See* Yao Decl. in Support of Costs ¶ 2 & Ex. A, ECF No. 33. "[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous." *Horsford v. Bd. of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005). Here, defendant does not argue, and the court does not find there is a clear indication the time claimed on plaintiff's attorneys' invoices is erroneous.

### 2. Request for Independent Determination and Blanket Reduction

Defendant argues the court has discretion to reduce plaintiff's attorneys' fees and should make an "independent determination of how many hours would have been reasonable for a case which should have settled promptly." Opp'n at 13. Defendant provides no information

suggesting how many hours it believes should reasonably have been devoted to this case. The court declines to undertake an independent and abstract analysis of reasonableness. Rather, it adheres to the general rule, that a court "defer[s] to the winning lawyer's professional judgment as to how much time he was required to spend on the case[.]" *Moreno*, 534 F.3d at 1112.

### 3. Overbilling

Defendant also argues several specific billing entries "are unreasonable, unnecessary, overinflated, not reasonably incurred in the commencement and prosecution of litigation and are administrative tasks which should not be billed by an attorney." Opp'n at 14.

#### a) Time Spent Drafting Complaint

Defendant argues it was excessive for Mr. Gibson to bill 2.2 hours to draft a template complaint and for Ms. Carvalho to bill 0.5 hours to revise and finalize the complaint. *Id.* at 15. It notes the complaint is nearly identical to a complaint filed in another case and the substance of the instant complaint is the same as the state court complaint. *Id.* The court has compared the complaint filed in this case with the complaint plaintiff filed in state court, *see* State Ct. Compl., and the complaint SLP filed for a plaintiff in a separate case, *see Vincent* State Compl., Yao Decl. Ex. C, ECF No. 94-4.[7] The court agrees plaintiff has utilized a template complaint; many of the paragraphs are identical, for example. While plaintiff's complaint does include some additional details regarding the tolling of the statutes of limitation and adds a federal claim, the court finds 2.7 hours to draft and revise a template complaint is excessive. Accordingly, 1.2 hours will be deducted from Mr. Gibson's time and 0.5 hours will be deducted from Ms. Carvalho's time.

#### b) Time Spent Drafting Joint Status Report

Defendant argues it was excessive for Ms. Harman-Holmes to bill 1.9 hours for the Joint Rule 26(f) report, which defendant's counsel prepared. Opp'n at 15. Plaintiff "acknowledge[s] that this amount should not have been billed." Reply at 7 n.4. Accordingly, 1.9 hours will be deducted from Ms. Harman-Holmes's time.

---

[7] The court takes judicial notice of that filing. *See* Fed. R. Evid. 201(b); *Ahlstrom*, 21 F.4th at 633 n.1 (9th Cir. 2021).

       **c)**   **Time Spent on Motion to Continue and Ex Parte Applications**

  Defendant argues the following entries were excessive in Ms. Choderker's and Ms. Carvalho's timekeeping records: 10.7 hours total to prepare a motion to continue scheduling order dates, 8.8 hours to prepare an ex parte application to shorten time for hearing the motion to continue and 4.3 hours to prepare a reply brief to an ex parte application. Opp'n at 16. Defendant also challenges the 13.4 hours to prepare an ex parte application to continue discovery, which was never filed. *Id.* at 17. Plaintiff argues defendant forced plaintiff to engage in this threatened motion practice, which did not occur. *See* Reply at 8–9. The court has reviewed the filings and finds the proposed hours excessive. The documents are routine, sometimes repetitive requests that involved no complicated issues. Accordingly, the court deducts 15 hours from Ms. Choderker's total hours and 4.4 hours from Ms. Carvalho's total hours. The court declines to deduct the total time recorded in the invoice for the ex parte application that plaintiff ultimately did not file because as plaintiff notes, the time spent on this application could have been avoided had defendant stipulated to the extension sooner.

       **d)**   **Time Spent Reviewing Discovery Responses**

  Defendant argues Mr. Arabi's 1.2 hours reviewing discovery responses on July 18, 2023 duplicate his time reviewing discovery responses on June 16, 2023. Opp'n at 16. Defendant also argues Mr. Tabesh's two hours reviewing the same set of responses on July 17, 2023, were duplicative. *Id.* Plaintiff argues defendant served initial disclosures, discovery responses and other production, each of which required a separate review. Reply at 8–9. However, the invoices do not specify whether Mr. Arabi was reviewing the same discovery responses or different discovery responses. Both entries simply note Mr. Arabi was reviewing defendant's document production. Accordingly, the court deducts 1.2 hours from Mr. Arabi's total time. As for Mr. Tabesh, there is no July 17, 2023 entry regarding discovery responses. No hours will be deducted from Mr. Tabesh.

       **e)**   **Time Spent Preparing Discovery Objections**

  Defendant argues the 10.8 hours Mr. Yu spent preparing for evidentiary objections and 1.8 hours Mr. Tabesh spent to finalize those objections to Mr. Vedder's declaration were

11

excessive. Opp'n at 16–17. Plaintiffs argue the objections were "complex and required significant research and analysis[.]" Reply at 9. The court has reviewed the objections, which did not involve complicated issues; rather, plaintiff raised mainly boilerplate objections with minimal analysis, such as objections based on lack of personal knowledge, lack of foundation and relevance. *See generally* Objs., ECF No. 64. The objections included screenshots from a user manual, which was publicly available. *See id.*; Tabesh Decl. ¶ 21. Counsel's declaration does not state how long it took to find this publicly available manual. *See* Tabesh Decl. ¶¶ 19–22. Accordingly, the court deducts 4.8 hours from Mr. Yu's total time and 0.8 hours from Mr. Tabesh's total time.

### f) Time Spent Reviewing Correspondence

Defendant argues the 1.8 hours Ms. Larocque billed to review correspondence is excessive. Opp'n at 17. Defendant argues it is "inconceivable" it would take her "1.8 hours to respond to a simple request" asking plaintiff for dates for a continued deposition. *Id.* Plaintiff does not respond to this objection. *See generally* Reply. The court agrees the time is excessive and deducts 1 hour from Ms. Larocque's total time.

### g) Time Spent Taking a Certificate of Non-Appearance

Defendant argues the 1.4 hours Ms. Deleon billed for taking a certificate of nonappearance for deposition witnesses was unreasonable because defendant served timely objections to the depositions. Opp'n at 17. Defendant has not provided evidence that it served timely objections. *See* Reply at 8. Its counsel simply declares defendant objected to the deposition. Yao Decl. ¶ 27, ECF No. 94-1. Accordingly, the court has no basis to conclude the 1.4 hours is unreasonable. *Cf., e.g., Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 & n.5 (9th Cir. 1985) (court may impose costs and fees on party who does not appear for deposition after receiving proper notice). The court declines to deduct any hours for this reason.

### h) Time Spent Objecting to Defendant's Motion for Costs

Defendant argues the 0.6 of an hour Mr. Tabesh billed in revising objections in opposition to defendant's motion for assessment of costs was not reasonably necessary because the court granted defendant's motion and the fees would have been avoided had plaintiff not re-filed her

1  lawsuit in federal court. Opp'n at 18. The court agrees and declines to award fees for time spent
2  objecting to or opposing defendant's motion for assessment of costs. As noted, the court found
3  defendant was entitled to costs under Rule 41(d) for plaintiff's abusive litigation tactic.
4  Accordingly, 0.6 hours will be deducted from Mr. Tabesh's total hours.

### i)  Time Spent on Discovery Motion

6  Defendant argues the 7.2 hours Mr. Tabesh billed for preparing the discovery motion is
7  excessive. Opp'n at 18. It argues the bulk of the discovery motion was pulled from a prior Joint
8  Statement regarding the parties' discovery disagreement, for which Mr. Tabesh had billed more
9  than 20 hours. *Id.* The court has reviewed the filings and finds the proposed hours excessive.
10 First, the large portions of the memorandum and declaration in support of the discovery motion,
11 *see* Mem. Discovery, ECF No. 70; Tabesh Decl. in Support of Discovery Mot., ECF No. 70-1, are
12 identical to or are largely based on the Joint Statement filed in support of an earlier filed
13 discovery motion denied by the magistrate judge, *see* Joint Statement, ECF No. 62-1. Second,
14 this discovery motion and plaintiff's duplicative efforts would not have been necessary had
15 plaintiff met and conferred with defendant in good faith prior to filing the previous discovery
16 motion. *See* Discovery Order (Nov. 9, 2023), ECF No. 68 (denying plaintiff's earlier filed
17 discovery motion for failing to meet and confer). Accordingly, 5 hours will be deducted from
18 Mr. Tabesh's total hours.

### j)  Time Spent on this Motion and Other Time Entries

20 Finally, as to the 7.2 hours billed for preparing this motion that defendant challenges, *see*
21 Opp'n at 18, the court finds plaintiff has shown those hours are reasonable, *see* Reply at 10. As
22 to the remaining entries in Exhibit B to Ms. Yao's declaration, the court finds defendant has not
23 met its burden to challenge the specific time entries with sufficient argument and citations to the
24 evidence. *See Premier Med. Mgmt. Sys., Inc.*, 163 Cal. App. 4th at 564; Yao Decl. Ex. B, ECF
25 No. 94-3. Objections noting the hours are "duplicative," "vague," involve "intra-office
26 communications," and represent "overbilling" without providing any analysis or legal authority in
27 support of the objections do not suffice. *See Premier Med. Mgmt.*, 163 Cal. App. 4th at 564.

**4.  Time Spent on Reply**

Plaintiff requests $4,500 for plaintiff's counsel to review defendant's opposition, draft the reply, and attend hearing. The court vacated the hearing for this motion, Min. Order (Apr. 9, 2024), and plaintiff's counsel does not provide any documentation to show how many hours he spent reviewing defendant's opposition and drafting the reply. *See generally* Second Tabesh Decl., ECF No. 95-1; Reply. Because counsel spent 7.2 hours on the motion itself, the court finds it would be reasonable for Mr. Tabesh to have spent at least a quarter of that time—1.8 hours—in drafting the reply. The court denies plaintiff's request for $4,500, but will allow for reasonable time spent in preparing the reply brief by adding 1.8 hours to Mr. Tabesh's total time.

**5.  Conclusion**

In light of the reductions determined above, the lodestar amount is calculated using the following figures:

| EcoTech Attorney | Year Billed | Years of Experience | Hours | Billing Rate/Hr. | Lodestar |
|---|---|---|---|---|---|
| Dara Tabesh | 2023-2024 | 21-22 | 107 | $500.00 | $53,500.00 |
|  |  |  |  | **Total** | **$53,500.00** |

| SLP Attorneys | Year Billed | Years of Experience | Hours | Billing Rate/Hr. | Lodestar |
|---|---|---|---|---|---|
| David Lunn | 2023 | 25 | 3.7 | $550.00 | $2,035.00 |
| Ivy Choderker | 2023 | 23 | 42 | $500.00 | $21,000.00 |
| Joy Deleon | 2023 | 23 | 3.4 | $500.00 | $1,700.00 |
| Elizabeth Larocque | 2023-2024 | 21-22 | 8.3 | $500.00 | $4,150.00 |
| Greb Yu | 2023 | 19 | 6 | $475.00 | $2,850.00 |
| Mark Gibson | 2022 | 14 | 1 | $375.00 | $375.00 |
| Mani Arabi | 2023 | 11 | 23.1 | $375.00 | $8,662.50 |
| Tionna Carvalho | 2022-2024 | 8-10 | 8.8 | $350.00 | $3,080.00 |
| Ariel Harman-Holmes | 2022-2023 | 5-6 | 6.7 | $300.00 | $2,010.00 |
| Alayna Dias | 2023 | 1 | 3.6 | $325.00 | $630.00 |
|  |  |  |  | **Total** | **$46,492.50** |

Accordingly, the total lodestar amount is $99,992.50 ($53,500.00 for Eco Tech and $46,492.50 for SLP).

**D.     Multiplier**

Plaintiff argues a lodestar enhancement of 1.35 times the amount is warranted because plaintiff's counsel obtained an excellent outcome, and there was substantial risk of non-recovery or delayed recovery because counsel represented plaintiff on a contingency basis. Mot. at 20–22. Defendant argues the court should apply a 33 percent negative multiplier because the requested fees are excessive. *See* Opp'n at 13–14. Defendant argues the requested amount is excessive because the case settled before trial, the case involved a non-complex area of law, plaintiff has not shown why eleven attorneys were necessary and these types of cases are repetitive, without the need for counsel to learn an area of law anew. *Id.*

The court may adjust the lodestar fee award based on the following factors: "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. "[A] contingent fee agreement only favors an upward departure when there is an 'uncertainty of prevailing on the merits and of establishing eligibility for the award.'" *Arias*, 2020 WL 1940843, at *5 (citation omitted).

An enhancement to the lodestar is not warranted in this case. Although counsel represented plaintiff on a contingency basis, the case did not involve any novel or difficult issues, plaintiff's counsel was not required to exercise any unusual skill and nothing in the record shows counsel was precluded from taking other work. *See, e.g.*, *Nagesh*, 2021 WL 1060357, at *5; *Seebach*, 2020 WL 4923664, at *6 ("Given that plaintiff's counsel 'regularly undertakes this type of work,' the court does not find counsel faced such uncertainty of prevailing on the merits that a multiplier is warranted."). The delays in this case are partially due to plaintiff's own noncompliance with the Local Rules and court orders. *See, e.g.*, Discovery Order (Dec. 8, 2023) at 8, ECF No. 81 (noting "it is clear that both parties abused the discovery process by failing to comply with the standards expected of litigants and counsel before this court, and by completely failing to cooperate in the meet and confer process."); Discovery Order (Nov. 9, 2023) (denying plaintiff's motion to compel for failing to meet and confer); Min. Order (Sept. 13, 2023), ECF

1  No. 60 (dismissing plaintiff's motion for discovery because parties did not file a joint statement
2  regarding the discovery dispute).

3  Rather than supporting an increase in the lodestar award, the circumstances of this action
4  show the lodestar award should be reduced. *See Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480,
5  489 (2016) (court may apply negative multiplier). First, neither the law nor the evidence was
6  complex for attorneys who specialize in bringing this kind of case. Second, plaintiff was
7  represented by eleven attorneys from two firms, which appears to have led to inefficiencies and
8  unnecessary billing for a case of this type. Third, plaintiff's counsel was not required to employ
9  any particular, unusual or specialized skill. Taking these factors into account, a reduction of 20
10 percent is appropriate. *See, e.g.*, *Pacheco v. Ford Motor Co.*, No. 18-09006, 2022 WL 845108, at
11 *6 (C.D. Cal. Mar. 22, 2022) (reducing lodestar award in Song-Beverly action in part due to
12 overstaffing, inefficiency and the court's experience overseeing similar actions); *Salmeron v.
13 Ford Motor Co.*, No. 18-07266, 2020 WL 9217979, at *6 (C.D. Cal. July 14, 2020) (reducing
14 lodestar in Song-Beverly action in part because the case was "significantly overstaffed (with 11
15 attorneys across two firms)" leading to unnecessary attorney billing); *Hernandez v. FCA US LLC*,
16 No. 17-5452, 2019 WL 2932637, at *6 (C.D. Cal. Jan. 4, 2019) (reasoning similarly in similar
17 circumstances); *Nguyen v. BMW of N. Am., LLC*, No. 20-2432, 2023 WL 173921, at *7 (S.D. Cal.
18 Jan. 12, 2023) (applying a 10 percent "haircut" based on similar reasoning).

19 Accordingly, the court awards plaintiff's net attorneys' fees in the amount of $79,994.00
20 ($99,992.50 x .80).

21 **E.     Costs**

22 Plaintiff argues she is also entitled to recover costs and expenses reasonably incurred in
23 prosecuting this case. Mot. at 22–23. Plaintiff requests $9,721.63 litigation costs.

24 Federal Rule of Civil Procedure 54(d)(1) provides "costs--other than attorney's fees--
25 should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Under 28 U.S.C. § 1920,
26 certain costs may be taxed by the court. "[A]bsent explicit statutory or contractual authorization
27 for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the

1    limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*,
2    482 U.S. 437, 445 (1987).

3         Defendant objects to plaintiff's request for costs on the following grounds.  First, it
4    objects to the $2,228.98 billed to First Legal for e-filing documents because they are not
5    recoverable under 28 U.S.C. § 1920 and because plaintiff "could have filed [her] documents
6    through PACER without incurring additional costs."  Opp'n at 20.  Second, it objects to the
7    $987.95 plaintiff billed for non-appearance of a witness during a deposition.  *Id.* at 21.  Third, it
8    objects to $1,586 plaintiff billed to an expert for a vehicle inspection.  *Id.*  Fourth, it objects to the
9    $256.43 plaintiff paid for trial binder preparation.

10        Plaintiff argues defendant's objections are untimely because it did not object to plaintiff's
11   bill of costs.  Reply at 10–11 (relying on E.D. Cal. L.R. 292(c)).  Under Local Rule 292(c), a
12   party opposing costs may file objections within seven days.  Plaintiff also argues costs are
13   recoverable under state law.  Mot. at 23; Second Tabesh Decl. ¶¶ 16–17.

14        As noted, plaintiff filed a bill of costs in the amount of $9,246.63.  *See* Bill of Costs.  This
15   amount is different from the $9,721.63 plaintiff requests in this motion, which requests an
16   additional $475 in costs.[8]  *See* Mot. at 23.  However, apart from the costs associated with
17   attending a hearing in 2023 ($475), the costs plaintiff seeks to recover in this motion appear to be
18   identical to the costs she listed in the Bill of Costs.  *Compare* Carvalho Decl., ECF No. 92-1
19   (itemizing costs) *with* SLP Invoice.  Defendant did not file objections to the bill of costs.

20        Under the Local Rules and 28 U.S.C. § 1920, only certain costs may be taxed.
21   Notwithstanding any state law, neither the e-filing costs nor the expert costs may be taxed.
22   Although plaintiff relies on state law authorities, in this diversity case, the court must apply
23   federal procedural law to determine what plaintiff may recover as costs.  *See Aceves v. Allstate*
24   *Ins. Co.*, 68 F.3d 1160, 1167–68 (9th Cir. 1995).  Under the applicable federal law, plaintiffs are
25   entitled to compensation only for certain types of fees and "court appointed experts."  *See* 28
26   U.S.C. § 1920; *Seebach*, 2021 WL 516712, at *1.  Accordingly, neither the e-filing fees nor the
27   expert fees can be taxed.

---

[8] $9,721.63 – $9,246.63 = $475.

17

Notwithstanding the above, plaintiff may move for "nontaxable expenses" under Rule 54. "A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). Because plaintiff has labelled this motion as a motion for attorney's fees, costs, and expenses, included a request for costs and litigation expenses as part of this motion, and the amount of costs requested is different from the amount listed in the bill of costs, the court strikes the bill of costs and construes this motion as a request for nontaxable expenses and costs under Rule 54(d)(2). *See* Mot. at 22 n.19 (noting presentation of arguments to show plaintiff's costs not limited to those enumerated in Local Rules). Because defendant has timely opposed this motion, defendant's objections to the costs are timely.

Here, plaintiff may recover reasonably incurred costs and expenses as nontaxable expenses under the Song-Beverly Act. *See* Cal. Civ. Code § 1794; *see, e.g.*, *Powell*, 2020 WL 4937358, at *11 (expert fees recoverable on noticed motion as nontaxable expense); c*f., e.g.*, *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580–81 (9th Cir. 2010) ("[W]e repeatedly have allowed prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties."); *Csorba v. Litton Elec. Tubes Div.*, 36 F. App'x 609 (9th Cir. 2002) (unpublished) ("The district court did not abuse its discretion in awarding Litton $1,540.10 in nontaxable expenses because that amount is reasonable in light of the nature and length of the litigation.").

Here, plaintiff has not shown the $2,228.98 billed to First Legal for e-filing documents was reasonably incurred. She does not argue she had to file documents through First Legal and does not address defendant's argument she could have filed those documents through PACER without incurring these additional costs. Plaintiff does not explain how these expenses were reasonable. Plaintiff also does not show the $1,586 in expert fees was reasonable. Plaintiff does not explain what the expert did, why she needed to hire an expert, whether the expert produced a report, or why the fee itself is reasonable in the circumstances of this case. *Cf. Powell*, 2020 WL 4937358, at *11–12 (plaintiff explained expert's testimony would have been relevant to his Song-Beverly Act claim and amounts charged were reasonable). Finally, the $256.43 for trial binder

preparation is unreasonable.  There was no final pretrial conference or any order setting a trial date—it is unclear why plaintiff needed to create a trial binder.  Accordingly, the court declines to award these costs.

However, the court declines to deduct the $987.95 plaintiff billed for non-appearance of a witness during a deposition.  As noted above, defendant does not show it served timely objections to the deposition.

The court awards costs of $5,650.22.[9]

**IV.   CONCLUSION**

The court has adjusted the rates requested by plaintiff's counsel to align with the rates in this district, deducted hours defendants have shown were excessive and unreasonable, applied a negative multiplier and has declined to award certain costs.  Plaintiff's motion for attorney's fees, costs and expenses is **granted** in the modified amount of $79,994.00 for attorney's fees ($42,800.00 for Eco Tech and $37,194.00 for SLP) and $5,650.22 for costs.

This order resolves ECF No. 93.

IT IS SO ORDERED.

DATED: August 27, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] $9,721.63 – $2,228.98 – $1,586.00 – $256.43 = $5,650.22.